UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SAMPHAN PAKHOTAMA,

Petitioner,

v.

BRIAN ENGLISH,

Respondent.

CAUSE NO. 3:26-CV-385-CCB-SJF

## **OPINION AND ORDER**

Immigration detainee Samphan Pakhotama, representing himself, filed a petition

for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully

confined in violation of the laws or Constitution of the United States. ECF 1. The

respondent has answered the petition, and Pakhotama has filed a reply. ECF 7, ECF 11.

The petition is ready to be decided.

## BACKGROUND

In 1981, Pakhotama was born in Thailand in a refugee camp, and his parents

were citizens of Laos. ECF 7-1 at 4-5; ECF 11 at 4. In 1984, he entered the United States

as a refugee. ECF 7-1 at 4-5. From 1998 to 2021, Pakhotama compiled a criminal history

that included multiple convictions relating to theft and burglary. *Id.* On March 29, 2006,

an immigration judge ordered him removed. *Id.* In 2008, ICE detained him for ninety

days and released him on an Order of Supervision. ECF 1 at 9. On October 27, 2025,

Immigration and Customs Enforcement (ICE) detained him again, and he is currently

held at the Miami Correctional Facility. *Id.*

On March 31, 2026, the respondent filed a status report representing that the government had not obtained travel documents from Laos and that it was unlikely that it would remove Pakhotama within thirty days. ECF 6. On April 6, 2026, an ICE official attested that ICE had submitted a request to travel documents to Laos. ECF 7-2. On April 14, 2026, the respondent filed a supplemental status report representing that the government has now obtained travel documents from Laos and has scheduled Pakhotama for removal in May 2026. ECF 9.

<u>SUBJECT MATTER JURISDICTION</u>

The respondent first argues that the court lacks subject matter jurisdiction over Pakhotama's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 20260 (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

<u>MERITS</u>

Regarding the merits of the petition, the respondent first argues that Pakhotama's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which for Pakhotama ended two decades ago, continued detention is

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review

authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Pakhotama has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

The respondent identifies Laos as the sole country under consideration for removal. Pakhotama may have had good reason to doubt his removal to Laos when he

---

and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

filed this case, but the circumstances have since materially changed. The government has now secured travel documents for Pakhotama's removal to Laos and has scheduled him for removal in May 2026. Based on this evidence, the court finds that Pakhotama's removal to Laos will occur within the reasonably foreseeable future and declines to grant Pakhotama habeas relief on this claim.

Pakhotama also argues that he is entitled to habeas relief because the government has detained him in violation of 8 C.F.R. § 241.4 and 8 C.F.R. § 241.13. However, he does not further elaborate on this claim. Consequently, the court cannot find that this claim warrants habeas relief. No other claims remain, so the court will deny the habeas petition.

As a final matter, the court observes that "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). While Pakhotama may not be entitled to habeas relief now, it does not prevent him from seeking habeas relief at some later date if the government continues to detain him for a significant period of time.

For these reasons, the court **DENIES** the habeas petition (ECF 1) and **DIRECTS** the clerk to close this case.

SO ORDERED on April 27, 2026

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

4